JUSTICE EID,
concurring in the judgment.
¶23 I agree with the Chief Justice that section 104(3)(f) of the Innovation Schools Act (“the Act”) does not preclude the new innovation schools at issue in this case. I would reach that result on a narrower ground, however, and therefore concur only in the judgment the Chief Justice’s opinion reaches.
¶24 Section 104(3)(f) states that an innovation plan “shall include the following information: ... Evidence that ... a majority of the teachers employed at the public school ... consent to designation as an innovation school....” The court of appeals concluded that “[a] new school’s innovation plan ... cannot meet the requirements of subsection 104 of the Act until the school has commenced operations and its plan has received the necessary majority consent[ ] from teachers.... As a result, ... a new school that has neither teachers nor students cannot seek innovation status.” Denver Classroom Teachers Ass’n v. City & Cty. of Denver Sch. Dist. No. 1. 2015 COA 71, ¶ 60, — P.3d -. In other words, the court of appeals drew an inference from section 104(3)(f)’s reference to teachers’ “consent” that the section imposes a requirement that a new innovation school actually have teachers before it may submit an innovation plan for approval; otherwise, the court appears to reason, there would be no teachers to consent to designation.
¶25 The Chief Justice observes that this inference “is far too slender a reed on which to base reading an implied preclusion” into the Act. C.J. op. ¶ 17. I agree. Section 104(3)(f) does not state that a school is required to have teachers before an innovation plan may be submitted. Instead, it refers to providing evidence that a majority of teachers have consented to the designation. Therefore, when section 104(3)(f) is applied to a new innovation school that has no teachers, a majority of those teachers consenting to designation would simply be zero — as was the case here. The language of section 104(3)(f) mandates no more. Indeed, importing a new requirement into the language of section 104(3)(f) would be inconsistent with the General Assembly’s expressly stated purpose in adopting the Act — namely, to grant the “maximum degree of flexibility possible to meet the needs of individual students and the communities in which they live.” § 22-32.5-102(l)(d). Accordingly, the plans in question in this ease comport with section 104(3)(f).
¶26 Because section 104(3)(f) is satisfied in this case, I would not And it necessary to address the consequences that might flow from noncompliance. Here I part ways with the Chief Justice’s opinion, which goes on to hold that the State Board could not deny innovation status to new schools for noncom-plianee with section 104(3)(f), and that, in any event, section 104(3)(f) is merely directory, not mandatory. C.J. op. ¶¶ 19-20. If section 104(3)(f) is directory, it would seem that all of section 104(3) is directory, which would mean that an innovation plan could contain none Of the information described in section 104(3) and still be considered an innovation plan. In my view, the language of the Act does not support this result. For these reasons, I respectfully concur only in the judgment reached by the Chief Justice’s opinion..
I am authorized to state that JUSTICE COATS joins in this concurrence in the judgment.